IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH HARRISON,** **#M55353,**    **Plaintiff,** v. **WEXFORD HEALTH SOURCES, INC.,** *et al.*,    **Defendants.** | Case No. 21-cv-00762-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a second motion for recruitment of counsel and a motion to stay filed by Plaintiff Joseph Harrison. (Doc. 33, 34). Also before the Court is a motion to strike filed by Defendants Pittman, Shah, and Wexford. (Doc. 49).

**I. Second Motion for Recruitment of Counsel (Doc. 33)**

Harrison has filed second motion for recruitment of counsel. He claims he is incapable of litigating this case pro se because he has limited knowledge of the law and little access to the law library due to COVID lockdowns. Another inmate has helped him prepare his Complaint, and Harrison states that he is not able to meet regularly with the inmate to receive assistance. Harrison has a learning disability and suffers from anxiety and sleep depression. Finally, Harrison argues he needs recruited counsel because he has been transferred to a different facility from where the alleged events occurred. His transfer makes it difficult to depose witnesses and gather evidence as needed.

Harrison's second request for the Court to recruit counsel on his behalf is **DENIED**. *See Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). Although Harrison has demonstrated reasonable efforts to locate counsel on his own without success, the Court is not persuaded that he requires court-recruited counsel to assist him

at this time. Harrison's lack of legal knowledge and limited library time are not unique to him as an incarcerated pro se litigant. The Court will grant Harrison additional time to file motions, responses, and to meet deadlines as needed. Additionally, discovery on the merits has not yet commenced, so depositions and evidence gathering are not needed at this time.

Finally, despite his learning disabilities and mental health issues, Harrison has demonstrated an ability to clearly communicate with Court, even if it is with the assistance of fellow inmates. He has some college education, and he has filed a successful Complaint and motions. As the case progresses, if Harrison has significant difficulty, he may refile his motion.

**II. Motion for Stay and Abeyance (Doc. 34) and Motion to Strike (Doc. 49)**

Harrison asks the Court to stay the case until he is able to conduct the research needed to respond to the motion to dismiss filed by Defendants Luking, Shah, and Wexford.

Defendants file a response in opposition stating they are not opposed to allowing Harrison additional time to file a response brief but ask the Court to deny the request for a stay. (Doc. 36). Harrison filed a reply. (Doc. 47). Defendants have filed a motion to strike the reply brief. (Doc. 49).

The motion to stay is **DENIED.** Harrison has not demonstrated good cause to stay this entire action. As Harrison has now had plenty of time to research and draft a response in opposition, his response to the motion to dismiss is due on or before **August 16, 2022.**

The motion to strike filed by Defendants Luking, Shah, and Wexford is **GRANTED.** (Doc. 49). Harrison's reply brief (Doc. 47) was untimely filed and exceeds the pages limit set in the Local Rules of Civil Procedure. (SDIL-LR 7.1(d)). The Court will not issue sanctions against Defendants or strike their response. The Clerk of Court shall **STRIKE** Harrison's reply at Doc. 47.

**IT IS SO ORDERED.**

**DATED:   August 2, 2022**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**