IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH HARRISON, #M55353, <br><br>    Plaintiff, <br><br>v. <br><br>L. PITTMAN, *et al.*, <br><br>    Defendants. | Case No. 21-cv-00762-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on two motions filed by Plaintiff Joseph Harrison, a motion for a pavey hearing and a motion for an injunction. (Doc. 63, 68). For the following reasons, both motions are **DENIED.**

### MOTION FOR A PAVEY HEARING

Harrison has filed a motion requesting a Pavey hearing to determine if he has exhausted his administrative remedies. (Doc. 63). His motion is **DENIED** as premature. The Court will soon enter an initial discovery and scheduling order setting deadlines for producing initial disclosures and for Defendants to file motions for summary judgment on the issue of exhaustion. Once Defendants have filed motions for summary judgment on exhaustion and Harrison has filed a response, the Court will determine whether the parties have presented debatable factual issues requiring a hearing.

### MOTION FOR AN INJUNCTION

Plaintiff Joseph Harrison, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action

pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Harrison claims that he is not being given constitutionally adequate treatment for his illnesses, HLA-B27 and scleritis. On December 12, 2022, Harrison filed a motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. (Doc. 68). In the motion, he states that he has been tested and is receiving treatment for HLA-B27. However, he is not receiving accommodations under the Americans with Disabilities Act ("ADA"). Harrison contends that he was issued a medical permit to be housed in a single cell due to the fact he is on medication that weakens his immune system. On November 3, 2022, Nurse Practitioner Wise informed him that Warden Brookhart had stipulated that Harrison had to "give up his job, dayroom, gym, yard, school, and any other programs to keep the single cell permit." If he did not agree to these conditions, then his single cell permit would be revoked. Harrison claims that by choosing to retain his single cell permit he is being denied accommodations, such as yard, gym, a vocation, and other activities, because of his illness in violation of the ADA and Rehabilitation Act ("RA"). He asserts that there are ways to accommodate his condition in order to allow him to continue participate in programing, such as wearing masks and distancing himself from other individuals. Harrison requests "an injunctive relief and compensatory damages as well to have ADA accommodation due to his medical condition/disabilit[y]." (*Id.* at p. 7).

"The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). In order to obtain preliminary injunctive relief, Harrison must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Furthermore, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr*, 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation").

Currently, Harrison is proceeding on an Eighth Amendment claim against Defendants for failing to provide him treatment for HLA-B27 and scleritis. (Doc. 10). He is not proceeding on ADA or RA claims regarding Defendants' alleged discrimination against him because of his disability, a weak immune system caused by his medication. In his motion, Harrison confirms he has been tested and is receiving medication for "ankylosing spondylitis (AS), HLA-B27." However, now he is not allowed to participate in various programming and activities as long has he has a single cell medical permit. (Doc. 68, p. 1). Thus, his request for injunctive relief is not tied to his specific claims in this case regarding lack of medical treatment, but he is asking the Court to intervene and remedy new harms that have occurred over a year after filing this case. A motion for a preliminary injunction is not a proper avenue for Harrison to add new claims to this lawsuit.

Additionally, even if the Court found the allegations in the motion for preliminary injunction within the scope of the Complaint, Harrison has not demonstrated how he will suffer irreparable harm without Court involvement. According to Harrison, he is being treated and was issued a single cell permit. He does not discuss the current status of his health, and there is no

argument or evidence he will suffer irreparable harm by not participating in prison activities such as gym, yard, and dayroom. In the absence of specific facts which clearly show that immediate or irreparable injury, loss, or damages will result without an injunctive relief, a preliminary injunction is not warranted. For these reasons, the motion is **DENIED**. (Doc. 68).

In light of this Order, the motion for extension of time filed by Defendants Brookhart and Cunningham is **DENIED as moot**. (Doc. 70).

**IT IS SO ORDERED.**

DATED:   December 29, 2022

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**
